## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JORDAN MICHAEL PORTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1244-F** |
| | ) | |
| **LIEUTENANT BURK et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Jordan Michael Porter, a federal prisoner appearing pro se, has filed documents to initiate this civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. The matter is before the Court on Plaintiff's application for leave to commence the action without prepaying the $400.00 filing fee or giving security therefor. IFP Appl. (Doc. No. 2).

### BACKGROUND

On October 31, 2016, Plaintiff filed a form civil rights complaint and an incomplete Application for Leave to Proceed *In Forma Pauperis*. *See generally* Compl. (Doc. No. 1) at 1-14; IFP Appl. at 1-4. By Order dated November 7, 2016, the Court advised Plaintiff of certain deficiencies in his Application and informed Plaintiff that—if he wanted to proceed with this lawsuit—he must either provide the missing financial information or pay the required $400.00 filing fee. *See* Order (Doc. No. 5) at 1 ("[T]he

IFP application is deficient because it is missing both the required signature of an authorized officer of the relevant penal institution(s) and a certified copy of Plaintiff's institutional account statement(s) for the last six months."). The Court warned Plaintiff that his failure to comply with this Order by November 28, 2016, could result in the dismissal of this action. *Id.* at 2 (citing LCvR 3.2, 3.3(e)).

The Clerk's Office promptly mailed the Order, along with copies of the prisoner IFP application and standard Change of Address Form, to Plaintiff at his address of record. There is no indication on the Court's docket that Plaintiff did not receive these documents. *See* LCvR 5.4(a)-(b). As of today's date, however, Plaintiff has neither complied with the Court's Order nor sought an extension of time within which to do so. This Court has not received anything from Plaintiff since he conditionally filed this action on October 31, 2016.

ANALYSIS

An IFP applicant who is incarcerated at the time he or she initiates a civil action is required by federal statute and by this Court's Local Civil Rules to provide the Court with certain information regarding his or her prison bank account(s), which must be certified by an appropriate prison official:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); *accord* LCvR 3.3(a)-(b). The Court may not grant IFP status without this financial information, and it may dismiss an action when the prisoner unjustifiably fails to comply with a court "order to submit his certified . . . six-month account statement" by a date certain. *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540 (10th Cir. 2008) (citing *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996)); *accord Montana v. Hargett*, 212 F. App'x 770, 773 (10th Cir. 2007); *Lockett v. Grady Cnty. Jail*, No. CIV-16-546-F, 2016 WL 6269778, at *2 (W.D. Okla. Sept. 30, 2016) (R. & R.), *adopted*, 2016 WL 6269612, at *1 (W.D. Okla. Oct. 26, 2016); *see also* 28 U.S.C. § 1915(a)(2), (b)(1), (h).

Because Plaintiff has not submitted documentation that demonstrates he was unable to prepay the filing fee when this action was commenced, as required by 28 U.S.C. § 1915(a)(2), the undersigned recommends that the District Judge:

(1)  deny Plaintiff's application for leave to proceed *in forma pauperis* (Doc. No. 2);

(2)  order Plaintiff to pay the full $400.00 filing fee within 21 days of any order adopting this Report and Recommendation, *see* LCvR 3.2, 3.3(e); and

(3)  dismiss the action without prejudice to refiling if Plaintiff fails to timely pay the filing fee to the Clerk of this Court, or to show good cause for the failure to do so, s*ee* LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 12, 2017, in accordance with 28

U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 22nd day of December, 2016.

_____

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE